UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEHMET YILMAZ<br>REFIK BELENDIR SOK 47-4<br>ANKARA, CANKAYA, TURKEY 6690<br><br>Plaintiff<br><br>Against<br><br>JULIE A. EADEH, in her official capacity as<br>the United States Consul General in Ankara<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 191 Street NW.,<br>Washington DC 20522<br><br>Defendant | Case No.:<br><br>COMPLAINT |

## **DESCRIPTION OF ACTION**

1.  This is an action brought by Plaintiff against the Defendant to compel action on his application for an immigrant visa, which has been unreasonably delayed.

## **JURISDICTION**

2.  This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. §701 et seq., a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. §1331.

## **DESCRIPTION OF PARTIES**

COMPLAINT - 1

3.   MEHMET YILMAZ is a national, citizen and resident of Turkey, who is the beneficiary of an approved immigrant visa petition and has applied for an immigrant visa at the U.S. Consulate General at Ankara and has been assigned a File Number of ANK2022837005.

4.   JULIE A. EADEH is being sued in her official capacity as the United States Consul General in Ankara. She is authorized to grant or refuse immigrant visas to residents of Turkey. JULIE A. EADEH resides for official purposes in Turkey.

## BRIEF STATEMENT OF RELEVANT FACTS

5.   On November 29, 2022 the USCIS approved Anglela Guevera's Petition for Alien Relative to classify MEHMET YILMAZ as the spouse of U.S. citizen.

6.   MEHMET YILMAZ applied for an immigrant visa of December 14, 2022.

7.   MEHMET YILMAZ submitted all the documents required to become documentarily qualified for an immigrant visa on February 3, 2023.

8.    On June 14, 2023, MEHMET YILMAZ was interviewed for an immigrant visa at the U.S. Consulate General in Ankara.

9.   Following his interview MEHMET YILMAZ was asked to complete and submit a Form DS-5535.

10.   On June 16, 2023 the U.S. Consulate General at Ankara acknowledged receipt of MEHMET YILMAZ's completed Form DS-5535.

11.   Since that time and despite repeated inquiries, MEHMET YILMAZ has received no information regarding the status of his visa application except that it is in "Administrative Processing" and his visa application remains unadjudicated.

12.   Upon information and belief, the Defendant has issued immigrant visas to numerous visa applicants who completed applications  for, immigrant visas after December 14, 2022.

13. Upon information and belief, the Defendant has issued immigrant visas to numerous visa applicants who filed all documents necessary to become documentarily qualified after February 3, 2023.

14. Upon information and belief, the Defendant has issued immigrant visas to numerous visa applicants who were interviewed for such visas after June 14, 2023.

15. Upon information and belief, the Defendant has issued immigrant visas to numerous visa applicants who submitted completed Forms DS-5535 to her after June 16, 2023.

## CAUSE OF ACTION

16. A consular officer 'must . . . properly and promptly' process a visa application, 22 C.F.R. § 1.106, and either 'issue' or 'refuse a completed visa application. Id. § 41.121(a)." *Vulupala v. Barr*, 438 F. Supp. 3d 93, 100 (D.D.C. 2020).

17. Further, she must do so in a reasonable time. 5 U.S.C. § 555(b).

18. It is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b).

19. Even a non-binding deadline may still be an "indication of the speed with which" Congress 'expects the agency to proceed.' Hulli, 549 F. Supp. 3d at 101 (quoting In re United Mine Workers, 190 F.3d at 549)." *Ramirez v. Blinken*, 594 F. Supp. 3d 76, 94 (D.D.C. 2022).

20. The duration of nearly ten months which it has taken the U.S. Consul General at Ankara to process Plaintiff's completed visa applications is unreasonable and well beyond the 180 days that it is the sense of Congress that such applications should be completed in.

COMPLAINT - 3

21. In determining that the delay has been sufficiently egregious to warrant the remedy of mandamus, courts in this circuit consider the six-factor standard—the so-called "TRAC factors"—established *in Telecomms. Research and Action Ctr. (TRAC)* v. FCC, 750 F.2d 70, 79-80 (D.C. Cir. 1984).  Those factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80 (citations and internal quotation marks omitted)

22.  Here the rule of reason is provided by the Department of State, which provides that it is its policy that a family-based immigrant visa must be processed no later than 60 days of the receipt of all necessary documents from the applicant and the USCIS. 9 FAM 504.7-2(b).

23. Since over 8 months have passed since the Department of State's receipt of all necessary documents from the applicant and the USCIS,  the most important factor, the rule of reason, tips sharply in favor of Plaintiff.

24. The remaining factors either also tip sharply in favor of the Plaintiff or, at worst, are neutral.

25. Factor (2): Congress has provided an indication of the speed with which it expects the agency to proceed in the enabling statute, to wit, 8 U.S.C. § 1571(b), providing that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

26. Inasmuch as over 10 months have passed since the filing of his visa application, factor (2) tips sharply in Plaintiff's favor.

27. Factor (3): The Plaintiff's welfare is very much at stake here in that Turkey is a country suffering from numerous serious human rights issues include, according to the Department of State's 2022 Human Rights Report:

> credible reports of: arbitrary killings; suspicious deaths of persons in custody; forced disappearances; torture; arbitrary arrest and continued detention of tens of thousands of persons, including opposition politicians and former members of parliament, lawyers, journalists, human rights activists, and an employee of the U.S. Mission, for purported ties to "terrorist" groups or peaceful legitimate speech; political prisoners, including elected officials; transnational reprisal against individuals located outside the country, including kidnappings and transfers of alleged members of the Gulen movement without adequate fair trial guarantees or other legal protections; significant problems with judicial independence; … severe restrictions on freedom of expression and press freedom, including violence and threats of violence against journalists, closure of media outlets, and arrests or criminal prosecution of journalists and others for criticizing government policies or officials, censorship, site blocking, and criminal libel laws; serious restrictions on internet freedom; (and) severe restriction of freedoms of peaceful assembly and association,

28. This delay has very much affected the Plaintiff's health and welfare and that of his family in other ways as well. They are experiencing health problems such as depression, anxiety, stress, sleep deprivation, fear and uncertainty as result of this delay.

29. Further, the visa delay is affecting the possibility of Plaintiff and his wife becoming parents. Since they are both in thier forties, to have a baby they need special treatments. His wife's doctors in the USA have informed her that she needs to go through an infertility treatment such as In Vitro Fertilization (IVF). In order for this medical treatment to be possible, both Plaintiff and his wife need to be present in the same place. Since Plaintiff cannot travel to the USA, he and his wife have been required to obtain treatment in countries other than the U.S. . If Plaintiff were in the United States, his wife would have gotten better treatment and they

would already have a baby. Therefore the delay is taking away the Plaintiff and his wife's chance of having a baby.

30. Finally, because of the visa delay, the Plaintiff's family is not functioning with cohesion and they have not been able to support each other accordingly.

31. The emotional bonding between family members has been affected. The Plaintiff's son, who is a person with multiple disabilities, gets distressed because his step father is not physically present.

32. Plaintiff's U.S. citizen wife feels overwhelmed because her husband is not with her to support her.

33. For example, Plaintiff's wife recently underwent a major surgery and her husband was unable to be present during this difficult time.

34. Factor (4): there does not appear to be any agency activities of a higher or competing priority which adjudicating the Plaintiff's applications would affect. Therefore, this factor is neutral.

35. Factor (5) tips sharply in favor of the Plaintiff. The interest which is prejudiced by delay is not merely economic but goes to the most vital interests imaginable – the ability to live a decent life free from the horrors of political repression and terrorist violence, as well as to bear children.

36. Finally, Factor (6) is neutral.

37. Inasmuch as 4 of the TRAC factors, including the most important one, tip sharply towards the Plaintiff, while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted.

38. This Court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. § 1361.

39. Further, this Court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## RELIEF REQUESTED

Wherefore it is respectfully requested that the Court compel Defendant JULIE A. EADEH to grant or refuse an immigrant visa to each of the Plaintiff's forthwith.

Respectfully submitted October 18, 2023.

/s/ *Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiff
Immigration Law Office of Los Angeles P.C.
New York Office
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

COMPLAINT - 7